UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 16-045-DCR |
| V. | ) ) | |
| CHARLES E. JOHNSON, JR., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Charles E. Johnson, Jr., pleaded guilty to conspiracy, securities fraud, witness tampering, and obstruction of an official proceeding. He was sentenced to a term of imprisonment of 108 months, to be followed by a 3-year term of supervised release. Johnson also was ordered to pay $9,700,000.00 in restitution. He later violated the conditions of his supervised release. [Record Nos. 50, 62] As a result, Johnson was sentenced to an additional 10 months' imprisonment, followed by 26 months of supervised release. [Record No. 50] His current term of supervision is set to expire in October 2022.

Johnson recently filed a motion to transfer the remainder of his period of supervised release to Nevada. And he requests credit for time previously served on supervision under the Interstate Compact for Adult Offender Supervision (ICAOS) 3.101-1(4) and 18 U.S.C. § 3605. [Record No. 65] Finally, Johnson requests a hearing on the relief requested.

In support of his motion, Johnson claims that he has a job offer in Las Vegas that includes a condition of employment that he relocate there. He contends that he satisfies all the mandatory conditions for transfer of supervision under ICAOS 3.101-1(a)(4). Additionally,

Johnson asserts that he would make significantly more money than he is earning currently, which would allow him to more quickly pay his restitution obligation.

The United States opposes transfer of supervision for multiple reasons. [Record No. 66] First, it contends that Johnson has neither alleged nor demonstrated that the District of Nevada would accept the transfer, which is a statutory prerequisite to the initial relief sought. Second, the United States notes that Johnson's reliance on the ICAOS is misplaced since it is an interstate agreement relating to the transfer of individuals subject to *state* supervision. It also argues that the employment opportunity referenced by the defendant would not allow him to pay substantially more restitution than he already pays. Further, the United States contends that the Court should deny the motion because Johnson has a documented history lying to courts, investigators, and judicial officers.[1] The United States Probation Office also opposes Johnson's request to transfer.

## I.

As an initial matter, the undersigned notes that a court "may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court." 18 U.S.C. § 3605. Further, transfer of jurisdiction is discretionary with the Court. *United States v. Ohler*, 22 F.3d 857, 858-59 (9th Cir. 1994).

---

[1] Johnson argues in his reply brief that he has provided information to the government that the United States previously deemed trustworthy. But this does not outweigh a history of lying as demonstrated by the defendant's original conviction for conspiracy, securities fraud, witness tampering, and obstruction of official proceedings or his more recent supervised release violation involving false statements to the United States Probation Office.

The United States is correct that § 3605 requires that the transferee court accept jurisdiction over an individual's supervised release. *United States v. Fernandez*, 379 F.3d 270, 272 (5th Cir. 2004) ("Section 3605 gives a court discretion to order a transfer, but conditions transfer upon the acceptance of jurisdiction by the court to which the transfer is made.") (citation and quotations omitted). In the present case, there is no indication that the District of Nevada consents to the transfer of jurisdiction. And while Johnson argues that, without the help of his probation officer he cannot request consent to transfer, that contention does not eliminate the prerequisite that the federal transferee court must consent to a transfer of supervision. For this reason alone, the motion should be denied.

Second, the United States is also correct that the ICAOS does not apply to these proceedings. It applies to the transfer of individuals subject to state supervision and not individuals on federal supervised release. *See, e.g., Fielding v. Stone*, No. CV 15-7086 RGK, 2016 U.S. Dist. LEXIS 203926, at *1 n.1 (C.D. Cal. Feb. 3, 2016) ("The Compact is an interstate agreement that permits the transfer of individuals subject to *state* supervision."). Accordingly, Johnson's arguments about meeting the requirements set forth in the ICAOS do not apply here.

Third, Johnson's argument that he would make substantially more money and could make greater restitution payments is unavailing. The unsigned offer letter provided by Johnson states that his salary would be commission-based and subject to a "[m]aximum of $6000 monthly dependent on the development and adoption of a Galileo business optimization plan and actions" and include commission for new business developed and sales generated. [Record No. 65-1, p. 2] The United States indicates that "Johnson's most recent Probation Form 48 reported earning $5,000 monthly in salary from Oze, LLC – or slightly less than the

maximum available from his new employer." [Record No. 66, p. 5] Johnson argues that the maximum of $6,000.00 a month is a *baseline* and that he can make additional money exceeding that amount. However, the Court agrees with the United States that the offer letter indicates that the defendant's maximum monthly compensation is $6,000.00, which is not substantially more than he makes currently. But even if Johnson could earn substantially more income, the argument that his transfer request is "specifically related to earning more money so additional restitution . . . can be paid" is disingenuous. Johnson believes that the victims receiving the restitution payments were already re-paid "100% of what they were owed, plus 20% interest." [Record No. 65-2]

In summary, the undersigned is convinced that Johnson's supervision should remain in this district and that the arguments made in support of transfer are unavailing. Additionally, the Court believes that Johnson's current probation officer is in the best position to continue supervision of Johnson until his term of supervised release expires. In reaching this determination, the Court gives some weight to the United States Probation Office's opposition to Johnson's request.[2]

## II.

Next, Johnson requests credit for the approximate six-month period (i.e., between April 7, 2019, and October 9, 2019) when he remained on supervised release before starting his ten-month term of incarceration for violating the conditions of supervised release originally

---

[2] Johnson asserts that the United States did not provide any evidence regarding why Johnson's probation officer opposes his request. But given the multitude of temptations in the District of Nevada (specifically, Las Vegas), it is not difficult to imagine why the United States Probation Office does not agree with the relief sought. That said, the United States is not required to provide evidence of a probation officer's reasoning. And transfer of supervision is a matter involving exercise of the Court's discretion.

imposed by the Court.   [Record No. 65, p. 8]  The United States contends that this request is foreclosed by 18 U.S.C. § 3583(i).   This statutory provision states:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

This statute allows courts to revoke supervised release for a violation of the terms of supervised release after the term of supervised release has expired, as long as a warrant or summons was issued before the expiration of the term of supervised release.  *United States v. Madden*, 515 F.3d 601, 605 (6th Cir. 2008).   Johnson's original term of supervision ended April 7, 2019, but a summons for alleged violations of supervised release was issued prior to termination (March 29, 2019).   Section 3583(i) gave the Court authority to sanction Johnson for his supervised release violations because the summons was issued prior to the expiration of his term.   Additionally, since § 3583(i) states that the term of supervised release "extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of such matters," the period between April 7, 2019, and October 9, 2019, was part of his initial term of supervision.

Title 18 of the United States Code, section 3583(h), governs the term of supervision that may be imposed by the Court after revocation of supervised release.  *United States v. Collins*, 859 F.3d 1207, 1224 (10th Cir. 2017).   Section 3583(h) provides that an additional term of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  *See also United States*

*v. Hill*, 831 F. App'x 407 (10th Cir. 2020) ("Subsection (h) plainly permits a court to impose both imprisonment and an additional term of supervised release after revoking the original term of supervised release, and subsection (e)(3) expressly provides that a defendant is not entitled to credit against a post-revocation term of imprisonment for time previously served on supervised release."); *United States v. Hunt*, 673 F.3d 1289, 1291 (10th Cir. 2012) ("To the extent the statute speaks at all to the issue of credit for prior time served, it expressly prohibits courts from crediting a defendant for time previously served on post-release supervision."); *cf. United States v. Perry*, 743 F.3d 238, 241-42 (7th Cir. 2014) ("[P]rior time served for violations of supervised release is not credited towards and so does not limit the statutory maximum that a court may impose for subsequent violations of supervised release").

Because the period between April 7, 2019, and October 9, 2019, is considered part of Johnson's initial term of supervision under § 3583(i), that time will not be credited to his new term of supervised release.

### III.

Finally, Johnson requests a hearing to "provide additional information to the Court necessary to make a decision in this matter." [Record No. 65]  However, the issues presented are clear-cut and the undersigned has sufficient information to resolve the current motion without the necessity of a hearing.  Therefore, being sufficiently advised, it is hereby

**ORDERED** that Defendant Charles E. Johnson, Jr.'s motion to transfer his supervised release, his request for credit for prior supervised release, and his request for a hearing on the underlying motion [Record No. 65] is **DENIED**.

- 7 -

Dated: May 3, 2022.

*/s/ Danny C. Reeves*
Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky